UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHERRON ASSOCIATES LOAN FUND V, LLC, | |
| Plaintiff, | NO. C06-226JLR |
| v. | ORDER |
| ROBERT SAUCIER; GALAXY GAMING CORP.; GALAXY GAMING, LLC (NEVADA); GALAXY GAMING OF NEVADA, LLC; GALAXY GAMING, LLC (NEW MEXICO); GALAXY GAMING OF BRITISH COLUMBIA, LLC; GALAXY GAMING OF CALIFORNIA, LLC; GALAXY GAMING OF NEW MEXICO, LLC; GALAXY GAMING OF OREGON, LLC; GALAXY GAMING OF WASHINGTON, LLC, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the court in the wake of Defendants' removal of this action from King County Superior Court. Plaintiff Sherron Associates Loan Fund V, LLC ("Sherron") moves to remand this action (Dkt. # 22). Defendants move to dismiss this action (Dkt. # 2), or in the alternative to transfer it to the United States District Court for the District of Nevada (Dkt. # 1). Having considered each motion, the parties' briefing, and their supporting documentation, the court GRANTS Sherron's motion to remand.

ORDER - 1

## II.  BACKGROUND

Sherron filed the underlying state court action to establish that the Defendant corporate entities were the alter ego of Defendant Robert Saucier.  In 1998, the Spokane County Superior Court entered a judgment (the "Spokane judgment") for Sherron against Mr. Saucier.  Sherron has been unable to collect the judgment, and contends that it should be able to pierce the corporate veil shrouding the entity Defendants in order to hold them jointly and severally liable under the Spokane judgment.

Unfortunately, the court cannot resolve the instant motions without reciting additional details.  The court cautions the reader that the details resemble the prologue to a particularly sadistic civil procedure professor's final exam question, except that they are not hypothetical.  The court will clarify the details as necessary in its later analysis.

Sherron, a non-existent Washington Plaintiff, sued Galaxy Gaming Corporation ("Galaxy of Washington"), a non-existent Washington defendant, in King County Superior Court.  Preceding Galaxy of Washington in the galaxy of Defendants is Defendant Robert Saucier, a man who exists but does not live anywhere.  Joining them is Defendant Galaxy Gaming Corporation of Washington, LLC, an entity incorporated in New Mexico (naturally).  Defendants Galaxy Gaming Corporation of Oregon, LLC and Galaxy Gaming Corporation of California, LLC are also New Mexico entities.  Defendant Galaxy Gaming Corporation of British Columbia, LLC gives the galaxy of Defendants an exotic flair, even though it is also a New Mexico entity.  Defendant Galaxy Gaming Corporation of New Mexico, LLC is incorporated in New Mexico as well.  Galaxy Gaming of Nevada, LLC has escaped New Mexico and is incorporated in Nevada along with Galaxy Gaming, LLC ("Galaxy of Nevada").

In the state court action, Sherron tried to serve its complaint on the whole galaxy of Defendants.  It had no success using traditional methods of service, so it attempted to serve

ORDER - 2

the Defendants by publication. Although the action was pending in Washington state court, it appears that Sherron did not follow Washington law in serving the Defendants by publication. It also appears that they did not serve Mr. Saucier by any means. Nevertheless, Sherron moved for a default judgment and the state court awarded one. Upon receiving notice of Sherron's writ of garnishment to collect on the default judgment, the entity Defendants filed a notice of removal, and now ask this court to void the default judgment, or, in the alternative, to transfer Sherron and the galaxy of Defendants to federal court in Nevada. Sherron contends that this court has no subject matter jurisdiction, and that Defendants removed too late. Defendants argue that this court has no personal jurisdiction over them, and that they removed in time.

### III.   ANALYSIS

Unfortunately, the events recited above did not happen a long time ago in a galaxy (or other forum) far, far, away. They happened in Washington, and it now falls to the court to decide whether the galaxy of Defendants can proceed in this federal forum.

The court begins by determining whether Defendants properly removed this action. With exceptions not applicable here, a defendant may remove any state court civil action that could have been brought in federal court. See 28 U.S.C. § 1441. If the federal court lacks subject matter jurisdiction over the action, remand is mandatory. In addition to establishing federal jurisdiction, a defendant must comply with the procedure for removal set forth in 28 U.S.C. § 1446. In any event, a court must "strictly construe the removal statute against removal jurisdiction," and must reject jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The defendant "always has the burden of establishing that removal is proper." Id. Where the plaintiff challenges removal, the defendant may not rest on the allegations of his notice of removal, and must meet his burden by a preponderance of evidence. Id. at 566-67; see also

ORDER - 3

1  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (clarifying that the
2  Gaus court imposed a preponderance of evidence standard).

### A.   Diversity Jurisdiction

Defendants concede that the only potential basis for this court's subject matter jurisdiction is diversity of citizenship. See 28 U.S.C. § 1332. Defendants must therefore show that none of them is a citizen of the same state as Sherron. For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and any state where it has its principal place of business. 28 U.S.C. § 1331(c)(1). A limited liability company, however, is a citizen of every state of which its members are citizens. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). An individual is a citizen of the state of her domicile, which is the state in which she has permanent home, where she resides with the intention to remain or to which she intends to return. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

### 1.   Citizenship of Plaintiff

Establishing the citizenship of Sherron and the Defendants is no simple matter. First, as Sherron admits, Sherron does not exist. In 2002, the Washington Secretary of State accepted a certificate of cancellation of the Sherron limited liability company. Sherron contends that the cancellation was improper, and that it is petitioning Washington officials to retroactively rescind the cancellation. Nonetheless, at present and at all times relevant to this action, Sherron, the sole Plaintiff, is and was a legal nullity. Sherron provides uncontroverted evidence, however, that if Sherron does not exist, then ownership of the judgment passed to Sherron Associates, Incorporated ("Sherron Associates"), a former member of the Sherron

ORDER - 4

limited liability company. Armstrong Decl. ¶ 7 & Ex. A.[1] Sherron Associates is apparently a going concern. See id. ¶¶ 1-8. Neither party, however, has bothered to reveal where Sherron Associates is incorporated, or where its principal place of business is. The court notes that the record contains a 2002 letter from Sherron Associates bearing Bellevue, Washington letterhead. Id. Ex. A. Both parties treat the Plaintiff in this case (whether it is Sherron, Sherron Associates, or some other person or entity with the right to enforce the Spokane judgment) as a citizen of Washington. The court will adopt the same approach. The court will therefore refer to the Plaintiff as Sherron and assume that Sherron is a citizen of Washington for purposes of determining diversity jurisdiction. The King County judgment belongs to whoever owns the Spokane judgment, and any error in naming the owner does not affect the court's jurisdictional analysis.

**2.  Citizenship of the Corporate Defendants**

The parties concede that most of the Defendants are not citizens of Washington, but Sherron insists that Galaxy of Washington and Mr. Saucier are Washington citizens. Galaxy of Washington, however, does not exist. There is no evidence that it ever existed, at least as a Washington entity. Although Sherron brought this action against "Galaxy Gaming Corporation, a Washington corporation," it provides no evidence of the existence of such a corporation, and has remained suspiciously silent in response to Defendants' allegation that no such Washington entity exists. There is also no evidence that Galaxy of Washington's principal place of business is in Washington. For purposes of assessing diversity jurisdiction,

---

[1] Defendants have moved to strike the declaration of Thomas Armstrong, an officer of Sherron Associates (Dkt. # 28). The court denies the motion because it violates the court's local rules regarding motions to strike. Local Rules W.D. Wash. CR 7(g). Even if the motion were proper, the court would not need to reach it. Defendants assert that the non-existence of Sherron is a sufficient basis to void the King County judgment. The court cannot reach that assertion, however, unless it has subject matter jurisdiction over this action.

ORDER - 5

1  therefore, the court assumes that Galaxy of Washington, if it exists at all, is not now and has
2  never been a citizen of Washington.

3  **3.    Citizenship of Mr. Saucier**

4  The parties concede that Mr. Saucier exists.[2]  The court must now decide where he is
5  domiciled.  An individual's domicile is the state in which he is or was physically present, and
6  in which he intends to remain or return.  Kanter, 265 F.3d at 867.  Mr. Saucier has not lived
7  in Washington for seven years.  Saucier Decl. ¶ 13.  It is undisputed, however, that in 1998
8  Mr. Saucier owned a home in Spokane and resided there.  Saucier Depo. at 28:25-29:4.  It
9  seems unlikely that Mr. Saucier intends to return to Washington.  Not only has he been absent
10 for seven years, but he testified that at one point he was attempting to gain Canadian
11 citizenship.  Saucier Depo. at 17.

12 Because Mr. Saucier apparently does not seek to return to Washington, one might
13 expect that he has acquired a new domicile.  A person acquires a new domicile when he is
14 simultaneously physically present in a state and intends to remain there indefinitely.  Lew v.
15 Moss, 797 F.2d 747, 750 (9th Cir. 1986).  Mr. Saucier does not contend that he has acquired
16 a new domicile.  In a declaration accompanying Defendants' notice of removal, he avers that
17 he has not lived in Washington for seven years, but does not explain where he has lived over
18 that period.  Saucier Decl. ¶ 13.  In a July 2004 deposition, he testified that he had "no
19 residential address," Saucier Depo. at 9:21, and that he does not consider any place to be his
20 home.  Id. at 27:25.  He admitted to staying at a Las Vegas address when he was in that city,

---

[2] That Defendants apparently never served Mr. Saucier in the underlying state court action is unimportant.  A removing defendant must show that all defendants, served and unserved, are citizens of a different state than all plaintiffs.  Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969).

26 ORDER - 6

id. at 10:4-6, but he maintained that he "live[s] somewhat of a vagabond life." Id. at 57:11-12. He does not aver that he has lived in any place since 1998 with an intent to remain there.

The court's inquiry does not end with Mr. Saucier's failure to expressly contend that he has acquired a new domicile. A court may consider a number of factors in determining an individual's domicile, including his "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or other business, driver's license and automobile registration, and payment of taxes." Lew, 797 F.2d at 750. To the extent that the record contains evidence relevant to these factors, it shows that Mr. Saucier has not acquired a new domicile since 1998. He is unmarried. Saucier Depo. at 29:21-24. He has no checking account or credit card. Id. at 57:8-9, 57:14. He has no accounts of any kind in the United States. Id. at 71:7-16, 72:17-24. He does not own a car. Id. at 59:11-23. As of 2004, his only income came from playing poker. Id. at 60:20-21.

On these facts, the court concludes that Mr. Saucier is domiciled in Washington. A person retains his previous domicile until he acquires a new one. Lew, 797 F.2d at 750. The record before the court does not permit the conclusion that Mr. Saucier has been physically present (after he left Spokane in 1998) in a state other than Washington with intent to remain there. Mr. Saucier bears the burden of proving that he is domiciled in a state other than Washington by a preponderance of evidence, and he has not done so.

Defendants have not established complete diversity between them and Sherron. The court therefore lacks subject matter jurisdiction over this action.

**B.    Sherron's Request for Attorneys' Fees**

Under 28 U.S.C. § 1447(c), a court remanding an action to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of

ORDER - 7

the removal." As the word "may" suggests, the court's decision to make such an award is discretionary. Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005). Generally, a court "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. Here, the court finds that Defendants had no reasonable basis for seeking removal. Had they conducted reasonable legal research, they would have discovered that Mr. Saucier had an obligation to prove that he was domiciled outside Washington. Instead, they unreasonably relied on Mr. Saucier's evasive refusal to admit to being domiciled anywhere, which led to this court's decision to remand. Moreover, Defendants littered their responsive brief with unsupported accusations of Sherron's fraudulent conduct, and filed a motion to strike and a surreply that were improper under this court's local rules. Local Rules W.D. Wash. CR 7(g). Defendants used their surreply to misstate the court's local rules regarding briefing schedules, see Local Rules W.D. Wash CR 7(d), and to wrongly suggest that Ninth Circuit rules governing citation to its unpublished opinions somehow apply to "unpublished" district court orders.

    The court could award fees to Sherron, but it declines to do so because it does not wish to reward Sherron's conduct in seeking remand. Sherron continued to call Galaxy of Washington a Washington defendant when it had no facts supporting that assertion. Sherron's briefing in support of its motion to remand failed to identify case law that would assist the court in determining Mr. Saucier's domicile. Finally, Sherron ignored this court's local rules by providing an improper surreply to Defendants' improper surreply to its motion to remand. Under these circumstances, the court finds an award of costs and fees inappropriate. See Martin, 126 S. Ct. at 711 (noting that "district courts retain discretion to consider whether unusual circumstances warrant" a denial of attorneys' fees). The court expects better advocacy from both parties.

ORDER - 8

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Sherron's motion to remand (Dkt. # 22). The clerk shall remand this action to King County Superior Court.

The court's disposition of this matter makes it unnecessary to consider Sherron's contention that Defendants' notice of removal was untimely, as well as the Defendants' additional motions. If any Defendant attempts to remove the underlying action again, the Defendant must clearly designate the newly removed action as related to this one.

Dated this 12th day of April, 2006.

JAMES L. ROBART
United States District Judge

ORDER - 9